COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


PATRICK N. CLINE

MEMORANDUM OPINION*

v.   Record No. 0359-98-3                        PER CURIAM
                                          SEPTEMBER 22, 1998
DONNA K. CLINE


                FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                         Thomas H. Wood, Judge

             (Walter F. Green, IV; Green and O'Donnell, on
             brief), for appellant.

             (C. Lynn Lawson; Franklin, Denney, Ward &
             Lawson, on brief), for appellee.


     Patrick N. Cline (father) appeals the decision of the

circuit court denying his request for genetic testing to disprove

his paternity of a child born to his former wife, Donna K. Cline

(mother), during their marriage.  Father contends that the trial

court erred in finding that he was barred from relitigating the

issue of paternity.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 See Rule 5A:27.

     In 1991, father filed a bill of complaint seeking a divorce

from mother.  In his bill, father acknowledged that one child was

born of the marriage.  In its final decree of divorce entered in

1991, the trial court found that there was one child born of the

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

parties' marriage.  In 1994, father sought custody of the child, but subsequently sought genetic testing to confirm he was the child's father.[1]

Father relies upon <u>Commonwealth ex rel. Comptroller o/b/o Overby v. Flaneary</u>, 22 Va. App. 293, 469 S.E.2d 79 (1996), and <u>Dunbar v. Hogan</u>, 16 Va. App. 653, 432 S.E.2d 16 (1993), for the proposition that a voluntary acknowledgement of paternity does not preclude litigation on the issue of paternity.  His reliance upon those cases is misplaced.  In those cases, unlike the case at bar, there was no previous litigation resulting in judgment.  In <u>Dunbar</u>, the putative father signed a "Declaration of Paternity" before learning through a paternity test that he was not the genetic father.  No previously-entered court order or judgment ever found Dunbar to be the father.  We held that, in the absence of any previous judicial determination of paternity, the provision of Code § 20-49.2 that an acknowledgement of paternity "shall have the same legal effect as a judgment entered pursuant to Code § 20-49.8" did not preclude Dunbar from having the opportunity to litigate the issue of his paternity.  Similarly, in <u>Flaneary</u>, in the absence of any previous litigation, another man's acknowledgment of paternity did not

---

[1]While the parties stipulated to the record in the divorce case, the record of that case was not included in the record filed with this Court on appeal.  However, the relevant facts were set forth by the trial court in its letter opinion, its order, and in the written statement of facts, without objection by father.

preclude a judicial finding that Flaneary was the genetic father.

In this case, the trial court found that the issue of paternity was fully litigated in the divorce case, that the divorce decree stated that there was one child born of the marriage, and that father was barred from relitigating the issue of paternity. In Slagle v. Slagle, 11 Va. App. 341, 398 S.E.2d 346 (1990), we held that collateral estoppel barred relitigation of paternity which was necessarily decided in the previously-entered unappealed divorce decree finding the child to have been born of the marriage and setting child support. The panel decision in Slagle is binding upon this Court unless the issue is further considered by this Court en banc, overruled by the Virginia Supreme Court or legislatively modified. Commonwealth v. Burns, 240 Va. 171, 395 S.E.2d 456 (1990). For the reasons set out in Slagle, we find that the trial court did not err in ruling that the issue of father's paternity may not be relitigated.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.